(C.D. 3484)

F. B. VANDEGRIFT & CO., INC., ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 19, 1968)

*Allerton deC. Tompkins* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

FORD, Judge: The cases listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows: .

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed DJC by Commodity Specialist Dennis J. Colgan, Jr., on the invoices accompanying the entries covered by the protests listed in the Schedule A below, which Schedule A is made a part of this stipulation, which were classified as entireties under Paragraph 353, Tariff Act of 1930, as modified, with duty at 13¾% (T.D. 52739) or 12½% (T.D. 55615 and T.D. 55649) ad valorem, the rate depending upon the date the merchandise was entered for consumption, consist of pressers or parts thereof, dedicated for use therewith, designed to extract juice from fruits, imported with electric motors of more than 1/10 horsepower, but less than 200 horsepower, the same in all material respects as the pressers that were the subject of decision in the case of *F. B. Vandegrift & Co., Inc.* v. *United States*, C.D. 2610, wherein it was held that the merchandise should be severed, the pressers being classifiable under Paragraph 372, of said Act as modified, with duty at 13% ad valorem, T.D. 54108 (said 13% rate having been further reduced to 10½%

under T.D. 55615 and T.D. 55649), and the electric motors separately classifiable under Paragraph 353 of said Act as modified with duty at 11½% ad valorem, T.D. 54108, the protest being dismissed and remanded to a single judge. (Said 11½% duty rate was modified to 9½% ad valorem under T.D. 55805, effective January 1, 1963).

IT IS FURTHER STIPULATED AND AGREED that the record in the case of *F. B. Vandegrift & Co., Inc.* v. *United States*, C.D. 2610, be incorporated in the record in these cases, and that the protests be submitted on this stipulation.

Accepting the foregoing stipulation of facts and following the authority cited, *F. B. Vandegrift & Co., Inc.* v. *United States*, C.D. 2610, we find and hold that there were no separate appraisements for the accompanying pressers and motors. Since it has been agreed by and between counsel for the respective parties that the pressers and motors are separate articles of commerce, the appraisement and liquidation are void.

Accordingly, said protests filed against such void liquidation are premature, and the involved protests are hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the pressers and motors in the manner provided by law.

Judgment will be entered accordingly.